## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID L. JOHNSON, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV356 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **COUNTY OF DOUGLAS,** | ) | |
| **NEBRASKA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants Correct Care Solutions, L.L.C., and Susan M. Wilkinson's Motion for a Protective Order to Stay Discovery (Filing No. 75). The moving defendants filed a brief (Filing No. 76) in support of the motion. The plaintiff filed a brief (Filing No. 77) in opposition to the motion to stay. The defendants did not file a reply. No other parties participated in briefing the motion.

Correct Care Solutions, L.L.C., and Susan M. Wilkinson seek a stay of their participation in discovery until after the court resolves their pending motion to dismiss (Filing No. 73). Specifically, the moving defendants request a stay of their deadline to respond to discovery requests served by the plaintiff until thirty days after resolution of their motion to dismiss. The moving defendants argue the plaintiff served them with discovery requests in contravention of Fed. R. Civ. P. 26(d) because the requests were served prior to their participation in a planning conference.[1] Additionally, the moving defendants argue that responding to the lengthy discovery requests would cause them an undue burden under the circumstances because they filed a motion, which is dispositive of the claims against them. Moreover, the moving defendants argue that the plaintiff would suffer no prejudice by the limited stay as compared to the relatively heavy burden on the defendants of responding to a significant number of discovery requests. Finally, the moving defendants argue the court should consider the merits of the motion to dismiss, which favor granting a stay, although the plaintiff has not yet had an opportunity to file a response.

---

[1] Although the case was filed on September 23, 2009, the moving defendants were not added as parties until the plaintiff filed a Fourth Amended Complaint on April 22, 2011. See Filing No. 53.

In an attempt to move this case toward completion, the plaintiff opposes any stay. **See** Filing No. 77 - Brief p. 1-2.  Further, the plaintiff notes this case was exempt from the Fed. R. Civ. P. 26(f) conference requirements because the plaintiff initially filed the case without counsel.  *Id.*  Accordingly, the parties did not participate in an early planning conference as contemplated by Fed. R. Civ. P. 26(d).  *Id.*; **see also** Filing No. 7 - Order (noting case exemption from conference requirement).  However, after counsel entered an appearance for the plaintiff, the parties did have a planning conference on September 15, 2010, and filed a planning conference report.  **See** Filing No. 36.  Subsequently, the court entered a progression order authorizing the parties to commence discovery.  **See** Filing No. 37.  After counsel for the defendants Correct Care Solutions, L.L.C., and Susan M. Wilkinson entered an appearance in this matter, all counsel participated in a telephone planning conference with the court.  **See** Filing No. 69.  Another telephone planning conference is scheduled for August 29, 2011.  *Id.*

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).  Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Farouki v. Petra Int'l. Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted).  Furthermore, "[d]iscovery is considered inappropriate . . . while a motion that would be dispositive of the claims . . . is pending."  *Geiser v. Simplicity, Inc.*, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy).

In determining whether a stay is appropriate, "courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources."  *Benge v.*

*Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008). The court may also consider whether the movant is likely to succeed on the merits of the dispositive motion and the public interest. See *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009) (regarding stay of deportation pending appeal). The party requesting a stay bears the burden of showing justification for a stay under the circumstances of the case. *Id.*

The court finds Correct Care Solutions, L.L.C., and Susan M. Wilkinson's argument with regard to Rule 26(d) to be unpersuasive given the court's authorization of discovery in the case and these defendants' participation in a planning conference with the court. However, Correct Care Solutions, L.L.C., and Susan M. Wilkinson have met their burden of showing they will likely suffer prejudice by being required to provide substantial discovery before the dispositive motion is resolved. Although the motion to dismiss is not yet fully briefed, the plaintiff fails to show any additional discovery is needed for its resolution. Additionally, the period of the stay is likely to be short compared with the potential for burdensome, and potentially unnecessary, discovery. The court has considered all relevant factors and finds the balance weighs in favor of a stay. Under the circumstances, the court finds a temporary stay will best serve the interests of the parties and the court. Upon consideration,

**IT IS ORDERED:**

1. Correct Care Solutions, L.L.C., and Susan M. Wilkinson's Motion for a Protective Order to Stay Discovery (Filing No. 75) is granted.

2. Correct Care Solutions, L.L.C., and Susan M. Wilkinson shall have thirty days after resolution of their motion to dismiss (Filing No. 73) in order to respond, if necessary, to the discovery requests served by the plaintiff.

DATED this 6th day of July, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.